TO BE PUBLISHED

# Supreme Court of Kentucky

## FINAL

2019-SC-000194-KB

DATE 6/25/19 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                              MOVANT


V.                                  IN SUPREME COURT


JASON PIERCE MAC IAIN                                              RESPONDENT


## OPINION AND ORDER

The Kentucky Bar Association (KBA) petitions this Court to indefinitely suspend Jason Pierce Mac Iain from the practice of law pursuant to Supreme Court Rule (SCR) 3.380(2) for violating SCR 3.200 by failing to answer a KBA charge.[1] After review of the record, we hereby indefinitely suspend Mac Iain pursuant to SCR 3.380(2).

## BACKGROUND

On March 15, 2017, Mac Iain was charged with endangering the welfare of a minor in *Commonwealth v. Jason P. Mac Iain*, 17-M-01837, in Fayette District Court. The citation stated that Mac Iain and his wife were both

---

[1]Mac Iain's KBA number is 96500 and his bar roster address is 1020 Pine Bloom Dr., Lexington, KY 40504-3004. The December 12, 2018 charge states the above address as Mac Iain's bar roster address, while the certificate of service in the motion for indefinite suspension lists 175 Lewis Ave., Tybee Island, GA, 31328 as Mac Iain's mailing address. It is unclear whether his bar roster address has been formally updated to the Georgia address.

unconscious in their home when their minor child called 911, and narcotics and drug paraphernalia were present when the officers arrived. On August 7, 2017, Mac Iain entered a guilty plea to the misdemeanor charge and received twelve months in jail, probated for two years. On September 21, 2017, the Inquiry Commission issued a bar complaint as a result of the conviction.

Mac Iain responded to the bar complaint, and the Office of Bar Counsel (OBC) requested additional information from Mac Iain regarding the results of drug tests taken during the pendency of his court cases related to the underlying charge. However, Mac Iain failed to respond to the inquiries. On March 8, 2018, the Inquiry Commission entered a private admonition for violations of SCR 3.130(8.4)(b) and SCR 3.130(8.1)(b), conditioned on Mac Iain providing the OBC an executed Kentucky Lawyer's Assistance Program (KYLAP) agreement within 60 days, as well as quarterly monitoring reports showing compliance with any recommendations for one year from the date of the agreement.

As of October 8, 2018, the OBC had received no proof of a KYLAP agreement or monitoring reports from Mac Iain. Due to his failure to comply with the conditions of the private admonition, the Inquiry Commission revoked the private admonition and issued a charge for violations of SCR 3.130(8.4)(b) (committing a criminal act); SCR 3.130(8.1)(b) (failure to respond to a lawful demand for information from a disciplinary authority); and SCR 3.130(3.4)(c) (knowingly disobeying an obligation under the rules of a tribunal). On December 13, 2018, the Disciplinary Clerk attempted to serve Mac Iain with

2

the charge at his bar roster address, but the correspondence was marked "return to sender." The Disciplinary Clerk was able to locate a new address and served the charge on Mac Iain at a Georgia address on February 2, 2019.

On February 22, 2019, Mac Iain left a voicemail with the OBC stating that he knew he was late in responding to the charge but would state his reasoning for the delay in an email. On February 25, 2019, he emailed the OBC regarding his failure to comply with the conditions of the private admonition and his failure to answer the charge. Mac Iain noted that he wished to "clear this up" because he planned to continue to maintain his license and practice law in Kentucky.

The OBC responded to the email and advised Mac Iain that he needed to contact the Disciplinary Clerk regarding the procedure for filing a late answer. The OBC also requested his current bar roster address. Mac Iain responded to the email stating he would contact the clerk, and he also provided an updated address. He later sent another email stating he spoke to the clerk and suggested that he would file a late answer soon. On April 2, 2019, the OBC emailed Mac Iain stating he had failed to file an answer and if he did not do so by April 12, 2019, the OBC would file a motion for indefinite suspension. Mac Iain never responded, and the charge was filed on December 12, 2018.

Despite the communication between Mac Iain, the OBC and the Disciplinary Clerk, Mac Iain has failed to respond to the charge in the present case, warranting indefinite suspension under SCR 3.380(2).

For the foregoing reasons, it is hereby ORDERED:

3

1. Pursuant to SCR 3.380(2), Jason Pierce Mac Iain is hereby indefinitely suspended from the practice of law in the Commonwealth of Kentucky;

2. As required by SCR 3.390, Mac Iain must, if he has not already done so, within ten (10) days after issuance of this order of indefinite suspension from the practice of law notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all clients of his inability to represent them and of the necessity and urgency to promptly obtain new counsel. Mac Iain must simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Mac Iain must immediately cancel any pending advertisements, to the extent possible, and must terminate any advertising activity for the duration of the term of suspension;

3. Mac Iain is instructed to promptly take all reasonable steps to protect the interests of his clients. He must not, during the term of suspension, accept new clients or collect unearned fees, and he shall comply with the provisions of SCR 3.130-7.50(5).

All sitting. All concur.

ENTERED: June 13, 2019.

CHIEF JUSTICE